UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| JOSIE GIOSEFINA BABCOCK,<br>    Plaintiff<br><br>    v.<br><br>STEVE ANDERSON, et al.,<br>    Defendants | )<br>)<br>)<br>)<br>) Civil Action No. 22-11191-PBS<br>)<br>)<br>) |

**ORDER**

August 2, 2022

SARIS, D.J.

　　On July 22, 2022, pro se litigant Josie Giosefina Babcock filed an employment discrimination complaint accompanied by motions for leave to proceed in forma pauperis and for appointment of counsel.

　　A person commencing a non-habeas civil action must (1) pay a $350 filing fee and a $52 administrative fee; or (2) or file an application to proceed without prepayment of fees (also referred to as a motion or application to proceed in forma pauperis). See 28 U.S.C. §§ 1914(a); 1915(a)(1).

　　The standard for in forma pauperis ("IFP") eligibility is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The determination of what constitutes "unable to pay" or unable to "give security therefor," is left to the sound discretion of the district court based on the information submitted

by the plaintiff. Fridman v. City of New York, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), aff'd, 52 Fed. Appx. 157 (2d Cir. 2002) (citing Williams v. Estelle, 681 F.2d 946, 947 (5th Cir. 1982).

"[O]ne must [not] be absolutely destitute to enjoy the benefit of the [in forma pauperis] statute" and the [in forma pauperis] statute does not require an individual to "contribute ... the last dollar they have or can get." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). However, "[i]n assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'" Fridman, 195 F. Supp. 2d at 537 (quoting Williams v. Spencer, 455 F. Supp. 205, 208-09 (D. Md. 1978)).

In her IFP motion, plaintiff declares under the penalty of perjury that she is not employed and received income from two different sources during the past twelve months. See Questions 3(a), (d). She discloses sufficient funds to pay the $402 filing fee, see Question 4, and states that she owns a car and a home. See Question No. 5.

On this financial record, the court denies plaintiff's IFP motion because it appears that she has sufficient funds to pay the $402 filing fee. Moreover, plaintiff's IFP motion is incomplete. She failed to answer Question 2(b) concerning details of her last

2

employment. She failed to answer the second part of Question 3 asking the party to describe the source of money, the amount received and what she expects to continue to receive. She failed to disclose the value of her home in Question 5. Additionally, courts routinely consider household income and assets from a spouse or other family member when determining whether a plaintiff is entitled to in forma pauperis status.

Accordingly:

1. The motions for appointment of counsel and for leave to proceed in forma pauperis are denied without prejudice.

2. If plaintiff wishes to pursue this action, she shall, within twenty-one (21) days of the date of this Order, either (1) pay the $402 filing fee or (2) file a new, fully completed Application to Proceed in District Court Without Prepaying Fees or Costs. If plaintiff fails to pay the filing fee or submit a new application, this action will be dismissed without prejudice.

SO ORDERED.

/s/ Patti B. Saris

PATTI B. SARIS
UNITED STATES DISTRICT JUDGE