```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| JOSIE GIOSEFINA BABCOCK,<br>        Plaintiff | )<br>)<br>) |
| v. | ) Civil Action No. 22-11191-PBS |
| STEVE ANDERSON, et al.,<br>        Defendants | )<br>)<br>)<br>) |

**ORDER**

August 25, 2022

SARIS, D.J.

On July 22, 2022, pro se litigant Josie Giosefina Babcock filed an employment discrimination complaint accompanied by motions for leave to proceed in forma pauperis and for appointment of counsel. Dkt. Nos. 1 - 3.

On August 2, 2022, plaintiff's motions were denied and she was order to either pay the filing fee or file a new, fully completed Application to Proceed in District Court Without Prepaying Fees or Costs. Dkt. No. 5.

On August 19, 2022, plaintiff paid the $402 filing fee. Dkt. No. 7. At that time, she also filed motions to seal, to appoint counsel, to add a party and for unspecified relief. Dkt. Nos. 8, 10-12. Plaintiff also filed a handwritten document providing the financial information that was omitted from her original

Application to Proceed without Prepayment of Fees and Affidavit. Dkt. No. 9.

Having reviewed the pending motions, it is hereby ORDERED

1. Plaintiff's motion, Dkt. No. 12, to add the United States Postal Service is ALLOWED. At this stage of the proceedings, plaintiff is not required to seek leave of court to amend or add a party. Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) a party may amend the complaint as a matter of course (i.e., without seeking leave of court) within 21 days after serving [the original complaint], or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

2. The Clerk shall add the United States Postal Service as a defendant and issue summonses for service of the complaint (Dkt. No. 1) and motion to add (Dkt. No. 12) on Steve Anderson, Steve Person, the Attorney General for the United States, the United States Attorney for the District of Massachusetts and the United States Postal Service.

3. Plaintiff is responsible for arranging service of the summons and complaint on each defendant in accordance with Fed. R. Civ. P. 4 and Local Rule 4.1. Rule 4 states that "[a] summons must be served with a copy of the complaint" by "[a]ny person who is at least 18 years old and not a party[.]" Fed. R. Civ. P. 4(c).

4.  Plaintiff shall have 90 days from the date summonses issue to serve the defendants.  Failure to timely serve a defendant will subject this action to dismissal against that defendant without prejudice. See Fed. R. Civ. P. 4(m).

5.   Plaintiff's motion (Dkt. No. 10) to seal the case is denied. The one-sentence motion seeks to have the "file to be sealed" and the reason provided by plaintiff is "Future Employment, like to be Private."  Plaintiff has not set forth any facts to justify a blanket sealing of the entire record in this case.  The Court has a process for having confidential materials impounded, i.e. filed under seal. See District of Massachusetts Local Rule 7.2. Rule 7.2(c) explains that motions for impoundment must be filed and ruled upon prior to submission of the actual material sought to be impounded, unless the court orders otherwise. Further, Rule 7.2(d) dictates that a motion for impoundment must be presented each time a document or group of documents is to be filed.

A case filed in federal court and the documents filed in the case are presumed to be public. See In re Providence Journal Co., Inc., 293 F.3d 1, 13-14 (1st Cir. 2002); In re Auerhahn, 650 F.Supp.2d 107, 112 (D. Mass. 2009).  "[O]nly the most compelling reasons can justify non-disclosure of judicial records." National Org. for Marriage v. McKee, 649 F.3d 34, 70 (1st Cir.2011), cert.

denied, 565 U.S. 1234 (2012) (internal citation and citation to quoted cases omitted).

    6. Plaintiff's motion (Dkt. No. 11) is denied without prejudice to renew after the defendants have been served and reply to the complaint.

SO ORDERED.

                                        /s/ Patti B. Saris
                                        PATTI B. SARIS
                                        UNITED STATES DISTRICT JUDGE