```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS


                              )
JOSIE GIOSEFINA BABCOCK,      )
          Plaintiff           )
                              )
     v.                       ) Civil Action No. 22-11191-PBS
                              )
STEVE ANDERSON, et al.,       )
          Defendants          )
```

### ORDER

January 3, 2023

SARIS, D.J.

After the filing fee was paid for this action, the clerk was directed to issue summons for service of the complaint and the motion to add the United States Postal Service as a defendant. Dkt. No. 13. Summonses were issued on August 25, 2022. Dkt. No. 14. The Court advised plaintiff that she is responsible for arranging service of the summons and complaint on each defendant in accordance with Fed. R. Civ. P. 4 and Local Rule 4.1. Dkt. No. 13.

On October 13, 2022, plaintiff filed returns of service as to the individual defendants Steve Person and Steve Anderson. Dkt. Nos. 18 - 19. Although plaintiff hired a process server to serve the individual defendants, the returns of service fail to establish that the complaint was properly served. To date, plaintiff has not filed with this court proof of service of the summons and

complaint upon the Attorney General for the United States, the United States Attorney for the District of Massachusetts and the United States Postal Service.  See Docket.

Proper service of process is a prerequisite for litigating in federal court, and in its absence, a court simply lacks personal jurisdiction over the defendant.  See Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987).  Fed. R. Civ. P. 4(i) requires a plaintiff suing a United States officer or employee in that person's individual capacity for an act or omission occurring in connection with the duties performed on the United States' behalf to serve the individual defendant pursuant to Fed. R. Civ. P. 4(e), (f) or (g), and to serve the United States.

To properly serve the United States, first a plaintiff must hand deliver the summons and complaint to either the United States Attorney for the district where the action is brought or "an assistance United States attorney or clerical employee whom the United states attorney designates in a writing filed within the court clerk."  Fed. R. Civ. P. 4(i)(1)(A)(i).  In the alternative, the plaintiff may send a copy of the summons and complaint "by registered or certified mail to the civil-process clerk at the United States attorney's office."  Fed. R. Civ. P. 4(i)(1)(A)(ii).

Next, the plaintiff must send the summons and complaint "by registered or certified mail to the Attorney General of the United States at Washington, D.C."  See Fed. R. Civ. P. 4(i)(1)(B).

2

Lastly, "if the action challenges an order of a nonparty agency or officer of the United States," the party must send a copy of the summons and complaint "by registered or certified mail to the agency or officer."  Fed. R. Civ. P. 4(i)(1)(C).

Here, plaintiff filed proof of service for the individual defendants, however, there is nothing on the record to show that plaintiff served the summons, complaint and motion on the United States Postal Service, the U.S. Attorney and the U.S. Attorney General at their specific designated addresses, by registered or certified mail.  Because she failed to do so, this case is subject to dismissal.  See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the Complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

The Court will not dismiss at this time because "[t]he court must allow a party a reasonable time to cure its failure to ... serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee."  Fed. R. Civ. P. 4(i)(4). This rule is particularly applicable here where plaintiff is proceeding pro se.

Accordingly, the Clerk shall provide plaintiff with new summons and plaintiff shall file on or before February 10, 2023, proof of service on the United States Postal Service, the U.S.

3

Attorney for the District of Massachusetts and the U.S. Attorney General.  This case is subject to dismissal if plaintiff does not file proof of service on defendants by February 10, 2023.

SO ORDERED.

                                            /s/ Patti B. Saris
                                            PATTI B. SARIS
                                            UNITED STATES DISTRICT JUDGE